IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VLADIMIR MANSO-ZAMORA,** | : | **CIVIL NO. 1:15-CV-2432** |
| | : | |
| Petitioner | : | **(Chief Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **WARDEN U.S.P. ALLENWOOD,** | : | |
| | : | |
| Respondent | : | |

### **MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by petitioner Vladimir Manso-Zamora ("Manso-Zamora"), a federal inmate incarcerated at the Allenwood United States Penitentiary, White Deer, Pennsylvania. Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4[1], and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

**I.     Background**

"In March 2012, a jury convicted Manso-Zamora of conspiring to commit robbery affecting commerce, in violation of 18 U.S.C. § 1951 ("Hobbs Act"); three substantive Hobbs Act robberies, in violation of 18 U.S.C. §§ 1951 and 2; possessing and brandishing a firearm in furtherance of crimes of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2; and two counts of possessing and discharging a

---

[1] These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. See R. GOVERNING § 2254 CASES R.1(b).

firearm in furtherance of crimes of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2.  The district court sentenced him to 776 months of imprisonment."  Manso-Zamora v. United States, No. 15-1038, at 1-2 (6th Cir. June 9, 2014).  His conviction was affirmed on appeal.  United States v. Manso-Zamora, No. 12-1833 (6th Cir. Sept. 9, 2013).

In March 2014, Manso-Zamora filed a motion to vacate his sentence under 28 U.S.C. § 2255.  Manso-Zamora v. United States, Civil No. 1:14-cv-280 (W.D. Mich. 2014).  Manso-Zamora argued that his conviction and sentence were invalid because he was not properly charged in the case, and the United States Attorney lacked authority to prosecute him.  (Id. at Doc. 1).  On November 14, 2014, the district court denied the § 2255 motion, concluding that Manso-Zamora procedurally defaulted his claims by failing to raise them on direct appeal, and the claims lacked merit because a federal grand jury properly indicted Manso-Zamora.  (Id. at Doc. 7).

On December 3, 2014, Manso-Zamora filed a motion for reconsideration, wherein he sought to amend his § 2255 motion to raise claims asserting that trial counsel had rendered ineffective assistance.  (Id. at Doc. 9).  He also filed a notice of appeal, which was held in abeyance pending the district court's ruling on the motion for reconsideration.  (Id. at Docs. 11, 13).  The district court thereafter denied Manso-Zamora's motion for reconsideration, concluding that he did not demonstrate a "palpable defect" in the order denying his § 2255 motion, and his attempt to assert new claims alleging ineffective assistance of counsel was governed by Federal Rule of Civil Procedure 60(b), and he was not entitled to Rule 60(b) relief.  (Id. at Doc. 12).  The district court also denied the motion for extension of

time to amend the § 2255 motion.  (Id.)  On February 9, 2015, Manso-Zamora filed another motion to alter or amend the judgment, which the district court dismissed for lack of jurisdiction.  (Id. at Doc. 14).

On June 9, 2015, the Sixth Circuit Court of Appeals construed Manso-Zamora's notice of appeal from the order denying his § 2255 motion as an application for a certificate of appealability.  Manso-Zamora v. United States, No. 15-1038 (6th Cir. June 9, 2014).  The Sixth Circuit denied Manso-Zamora's motion for a certificate of appealability, finding that reasonable jurists would not debate the district court's determinations that his claims were procedurally defaulted, and that the claims lacked merit.  Id.  The appellate court also found that the district court did not abuse its discretion in denying Manso-Zamora's motion for extension of time to amend his § 2255 motion.  Id.

The instant petition was filed on December 18, 2015.  Manso-Zamora requests that the court entertain his § 2241 petition "under the 'Miscarriage-Of-Justice' doctrine or any other 'equitable['] doctrine that would allow this honorable court to reach the 'colorable merits' of grave constitutional deprivations."  (Doc. 1-1, at 5).  Specifically, Manso-Zamora argues that his criminal trial was infected by structural errors based on counsel's failure to challenge the burden shifting instructions, and because there is no transcript of the voir dire proceeding.  (Doc. 1, at 6-7; Doc. 2-1, at 9).  He urges the court to "vacate with prejudice the conviction(s) on all counts and to release [him] immediately from federal confinement."  (Doc. 1-1, at 8).

3

## II.   Discussion

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255.

Further, such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. Importantly, § 2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See Dorsainvil, 119 F.3d at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize

pursuit of a habeas corpus petition in this court.[2]  Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251.  If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction.  Application of Galante, 437 F.2d 1154, 1165 (3d Cir. 1971).

Although petitioner's claims fall within the purview of § 2255, he has failed to seek permission to file a second or successive § 2255 motion as required by 28 U.S.C. § 2244(b)(3)(A), prior to proceeding in this court.  Manso-Zamora has not has applied with the appropriate court of appeals for authorization to file a successive motion.  He has made no showing that § 2255 is inadequate or ineffective to test the legality of his conviction and sentence.  In fact, he advances no argument as to why § 2255 is inadequate or ineffective.  See (Doc. 1, at 5).  Manso-Zamora's proper recourse is to seek permission from the Sixth Circuit Court of Appeals to file a successive section 2255 motion in the sentencing court.  See Gordon v. United States, 209 Fed. App'x 173 (3d Cir. 2006) (affirming the district court's decision that

---

[2] The gatekeeping requirement, 28 U.S.C. § 2255(h), states:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

it lacked jurisdiction over the inmate's § 2241 habeas petition challenging his Hobbs Act convictions and firearm convictions since such claims were within the purview of § 2255 and the inmate did not seek permission from the court of appeals to file a second or successive § 2255 motion). Moreover, the remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Consequently, the petition will be dismissed for lack of jurisdiction.

    An appropriate order will issue.

        /S/ CHRISTOPHER C. CONNER
        Christopher C. Conner, Chief Judge
        United States District Court
        Middle District of Pennsylvania

Dated:    January 26, 2016